UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL MANLEY,

   Plaintiff,                                                        CASE NO.:

-VS-

SUNTRUST BANK,

   Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, Paul Manley, by and through the undersigned counsel, and sues Defendant, SunTrust Bank (hereinafter "Suntrust"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Suntrust from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to

1

rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. Venue is proper in this District as Plaintiff resides within this District (Pinellas County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Pinellas County, Florida.

### FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, Suntrust, is a corporation with its principal place of business located at 303 Peachtree Street NE, Suite 3600, Atlanta, GA 30308 and which conducts business in the State of Florida through its registered agent, Corporation Service Company located at 1201 Hays St., Tallahassee, FL 32301.

14. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15. Suntrust called Plaintiff on Plaintiff's cellular telephone approximately one hundred (100) times since May 1, 2015, in an attempt to collect a debt from someone whom Plaintiff does not know.

16. Suntrust attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

17. Suntrust intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line and because he also received prerecorded messages from Suntrust.

19. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (770) ***-9783, and was the called party and recipient of Defendant's calls.

20. Beginning on or about May 1, 2015, Suntrust began bombarding Plaintiff's cellular telephone (770) ***-9783 in an attempt to reach someone known only as "Harold Arnold."

21. Plaintiff does not currently know, nor has he ever known, an individual by the name of "Harold Arnold."

4

22. Plaintiff does not currently have any account or business dealings with SunTrust.

23. As early as May or June, 2015, Plaintiff answered a few calls from SunTrust and informed its agents that he is not Harold Arnold, does not know of a Harold Arnold and to please stop calling him.

24. During on conversation in particular with an agent of SunTrust, Plaintiff informed said agent that he is not Harold Arnold and to please remove his cell phone number from SunTrust's system to stop the calls, however the agent of SunTrust responded that he couldn't see Plaintiff's cell phone number in the system, so SunTrust couldn't help him with the calls.

25. Due to the voluminous amount of automated calls Plaintiff received to his cellular telephone from SunTrust he was not able to catalogue each and every call received, however attached hereto as Exhibit "1" is a small sampling of said calls.

26. Suntrust has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

27. Suntrust has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Suntrust, to remove the number.

28. Suntrust's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Suntrust they wish for the calls to stop.

29. Suntrust has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

30. Suntrust has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

31. Suntrust has had numerous complaints from consumers across the country against it asking to not be called; however, Suntrust continues to call the consumers.

32. Suntrust's corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

33. Suntrust has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

34. Not a single call placed by Suntrust to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

35. Suntrust willfully and/or knowingly violated the TCPA with respect to Plaintiff.

36. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, irritation and being woken from sleep (as Plaintiff works late and sleeps during the day). Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, and trespass upon Plaintiff's chattels. It also caused a waste of Plaintiff's time, causing the risk of personal injury due to distraction. All of the abovementioned were caused by, and/or directly related to, Defendant's

attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

37. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38. Suntrust willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Suntrust that he wished for the calls to stop.

39. Suntrust repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Suntrust for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

40. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-six (36) as if fully set forth herein

41. At all times relevant to this action Suntrust is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

42. Suntrust has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

43. Suntrust has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

44. Suntrust has violated Florida State § 559.72(9) by attempting to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows the right does not exist.

45. Suntrust's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Suntrust for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully Submitted,

_____
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
TGomez@ForThePeople.com
Florida Bar #: 0338620
Attorney for Plaintiff